James W. CONLEY, Respondent, v. SOUTH-WESTERN BELL TELEPHONE COMPANY and Glen Balding, Appellants. (No. 15912.) Kansas City Court of Appeals. Missouri. April 2, 1928. Appeal from Circuit Court, Adair County; J. A. Cooley, Judge. "Not to be officially published." Highbee & Mills and M. D. Campbell, all of Kirksville, for appellants.

Murrell & Murrell and J. E. Rieger, all of Kirksville, for respondent.

PER CURIAM. Since the submission of this cause, the parties hereto have filed written stipulation in this court by the terms of which it is agreed that this cause be reversed and remanded, with directions to the trial court to enter judgment for plaintiff for the sum of $4,000 as of date March 17, 1928. In accordance with said stipulation the judgment herein is reversed, and cause remanded to the circuit court of Adair county, Missouri, with directions to said court to enter judgment for plaintiff for the sum of $4,000 and costs as of March 17, 1928.

TRIMBLE, P. J., absent.

**2**

J. G. BISHOP v. STATE. (No. 11513.) Court of Criminal Appeals of Texas. April 11, 1928. Appeal from Eastland County Court at Law; Tom J. Cunningham, Judge. J. G. Bishop, of Gorman, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is being drunk in a public place; punishment fixed at a fine of $25. The complaint and information both appear in regular form. The record is before us without statement of facts and bills of exceptions. No fundamental error has been perceived or pointed out. The judgment is affirmed.

**3**

McKinley BRAMBLE v. STATE. (No. 11477.) Court of Criminal Appeals of Texas. April 4, 1928. Appeal from District Court, Eastland County; Geo. L. Davenport, Judge. L. H. Flewellen, of Ranger, and T. J. Cunningham, of Eastland, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for burglary; punishment, two years in the penitentiary. The motion for new trial in this case was overruled on July 29, 1927. Ninety days was given in which to file bills of exception and statement of facts. Same were filed on October 28, 1927. This was after the expiration of the 90 days allowed by statute and by order of the court. The case thus comes before us without any bills of exception or statement of facts. The indictment correctly sets out the offense, and is followed by the charge of the court, and by the judgment and sentence. No error appearing, the judgment will be affirmed.

**4**

Jesse BYRD and Douglass Harwell v. STATE. (No. 11441.) Court of Criminal Appeals of Texas. March 28, 1928. Appeal from District Court, Wichita County; E. G. Thornton, Judge. Davenport & Crain, of Wichita Falls, for appellants. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The unlawful transportation of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year. The record is before us without statement of facts or bills of exceptions. The indictment appears regular. No fundamental error has been perceived or pointed out. The judgment is affirmed.

**5**

Fad DANIELS v. STATE. (No. 11502.) Court of Criminal Appeals of Texas. April 4, 1928. Appeal from Shelby County Court; F. C. Powell, Judge. Sanders & Sanders, of Center, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully carrying a pistol; punishment fixed at a fine of $100. The record is without statement of facts. There is but one bill of exceptions, and that consists of written objections to the court's charge. In the absence of knowledge of the evidence that was before the court, we are in no position to estimate the merits of the complaint of the charge. The judgment is affirmed.

**6**

T. L. GRANT v. STATE. (No. 11518.) Court of Criminal Appeals of Texas. April 11, 1928. Appeal from District Court, Freestone County; W. T. Jackson, Judge. Williford & Geppert, of Fairfield, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for transporting intoxicating liquor; punishment being one year in the penitentiary. The record contains neither statement of facts nor bills of exception, in which condition nothing is presented for review. The judgment is affirmed.